**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 98-4259**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARL HARRISON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Charles H. Haden II, Chief District Judge.  (CR-97-143)

_____

Submitted:  June 22, 1999         Decided:  July 16, 1999

_____

Before HAMILTON and MICHAEL, Circuit Judges, and HALL,[*] Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Herbert L. Hively, II, Hurricane, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

[*] Senior Judge Hall participated in consideration of this case but died prior to the time the decision was filed.  The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Appellant Carl Harrison appeals his 170 month sentence based upon his guilty plea guilty to distributing crack in violation of 21 U.S.C. § 841(a)(1) (1994) and aiding and abetting money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (West 1994 & Supp. 1999). Harrison argues on appeal that the district court clearly erred in calculating his relevant conduct when it accepted that quantity of drugs supplied by allegedly incredible witnesses testifying at sentencing.

We have reviewed the parties' submissions, the record, and the applicable law, and affirm. We find that the district court's findings as to the credibility of the sentencing witness was not clearly erroneous, and thus the district court properly calculated Harrison's relevant conduct based upon that testimony. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994) (stating that a district court's factual findings are binding unless clearly erroneous); United States v. Williams, 977 F.2d 866, 870 (4th Cir. 1992) (stating that a district court's relevant conduct determination is reviewed "with due deference to the trial court's opportunity to assess credibility").

Accordingly, we affirm Harrison's conviction and sentence. We grant Harrison's unapposed motion to waive oral argument because the facts and legal contentions are adequately presented in the ma-

terials before the court and argument would not aid the decisional process.

AFFIRMED